## PALMER *against* ALLEN.

In a cause brought before the superior court, the pleadings terminated in a demurrer to the defend-

AN action of trespass for assault and battery and false imprisonment was brought by *Allen* against *Palmer* before the superior court in *New-Haven* county, *January* term 1811. The defendant pleaded in bar, That he was a deputy of the marshal of the *United States* for the district of *Connecticut*, and in that capacity had in his hands to serve a writ of at-

ant's plea in bar, which was adjudged to be insufficient; on a writ of error, that judgment was affirmed by the supreme court of errors; the cause being removed to the supreme court of the *United States* judgment was given in favour of the original defendant, whereby the judgment of the supreme court of errors was reversed, and a mandate was issued to the judges, directing them to enter judgment for the appellant [the original defendant] on the demurrer. Held that the proper course was to enter a judgment here reversing the former judgment of the superior court, and to remand the cause to that court to be proceeded in conformably to the decision of the supreme court of the *United States*.

tachment, issued under the authority of the *United States*, returnable to the district court of the *United States* for said district ; in virtue of which he attached the body of the plaintiff, read the writ in his hearing, and for want of bail, committed him to the keeper of the gaol in *New-Haven*, with whom he left a true and attested copy of said writ and process ; averring this to be the imprisonment and pretended trespass complained of. To this plea the plaintiff demurred ; and the superior court adjudged the same to be insufficient. *Palmer* thereupon brought a writ of error ; and the Supreme Court of Errors, at the *November* term 1811, affirmed the judgment of the superior court. *Palmer* then removed the cause to the Supreme Court of the *United States*, where he obtained a decision in his favour.

*H. Huntington* now presented the following mandate to this Court :

" *United States of America*, ss. The President of the *United States*, to the Honourable the Judges of the Supreme Court of Errors of the state of *Connecticut, Greeting.*

" Whereas lately in the Supreme Court of Errors of the state of *Connecticut*, in a cause wherein *Robert Allen* was plaintiff and *Jonathan Palmer* was defendant, judgment was rendered by the said Supreme Court of Errors for the said *Robert Allen*, as by the transcript of the record of the said Supreme Court of Errors, which was brought into the Supreme Court of the *United States*, by virtue of a writ of error, agreeably to the act of Congress in such case made and provided, fully and at large appears ; and whereas in the present term of *February*, in the year of our Lord one thousand eight hundred and thirteen, the said cause came on to be heard before said Supreme Court on the said transcript of the record ; on consideration whereof, this Court is of opinion that the Supreme Court of Errors of the state of *Connecticut* erred in supposing that the officers of the *United States* are obliged to conform their conduct to the provisions of the laws of that state requiring the *mittimus* in civil cases. It is, therefore, adjudged and ordered, that the judgment of the said Supreme Court of Errors of the state of *Connecticut* be reversed and annulled, and that the cause be remanded to the said Supreme Court of Errors with directions to enter

*Hartford,*
June, 1814.

Palmer
*v.*
Allen.

Hartford,
June, 1814.

Palmer
*v.*
Allen.

judgment for the said appellant *Palmer* on the demurrer. You are, therefore, hereby commanded, that such proceedings be had in said cause as according to right and justice, and the laws of the *United States,* and agreeably to said opinion, judgment and order of said Supreme Court, ought to be had, the said writ of error notwithstanding.

" Witness the Honourable *John Marshall,* Chief Justice of said Supreme Court, this first *Monday* in *February,* in the year of our Lord one thousand eight hundred and thirteen.

E. B. *Caldwell,* Clk. Sup. Ct. U. S."

He therefore moved this Court to enter judgment in *Palmer's* favour pursuant to the mandate, and to award execution for his damages and costs.

*Per Curiam.* From the constitution of this Court, and the established course of proceeding in analogous cases, a literal compliance with the terms of the mandate is impracticable ; but there will be no difficulty in carrying its object into effect. Let a judgment be entered here reversing the former judgment of the superior court, and the cause be remanded to that court, to be proceeded in conformably to the decision of the Supreme Court of the *United States.*

### REGULA GENERALIS.

AFTER the first week of the present term, the consent of parties, or their counsel, will not excuse a compliance with the rule passed *June* 1808,(*a*) requiring all motions and other matters reserved for argument before this Court, to be entered in the docket before the second opening.

(*a*) Vide 3 *Day's Ca.* 278. *R.* 2.